# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE KRACKER,** | ) | **CASE NO.  5:08CV1905** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **MEMORANDUM OPINION** |
| **Commissioner of Social Security,** | ) | **AND ORDER** |
| | ) | |
| **Defendant**. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff Michelle Kracker's ("Kracker") Complaint against Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner").  (Dkt. # 1.)  Kracker filed applications to establish a Period of Disability ("POD") and to receive Disability Insurance Benefits ("DIB") on April 28, 2005.  A hearing was held on February 21, 2008 before Administrative Law Judge Mark M. Carissimi ("A.L.J.").  On March 21, 2008, the A.L.J. declared that Kracker is able to perform a significant amount of jobs in the national economy, thereby denying her application for benefits.  The Appeals Council subsequently denied review on July 21, 2008.

This case was referred to the Magistrate Judge Greg White on August 8, 2008, pursuant to 42 U.S.C. § 405 (g) and LR 72.2(b).  (Dkt. # 3.)  On May 15, 2009, the Magistrate Judge issued a Report and Recommendation (Dkt. # 14) affirming the A.L.J.'s decision to deny Kracker benefits.  Kracker has timely filed objections to the Magistrate

Judge's Report, arguing that (1) the Magistrate Judge failed to consider the A.L.J.'s disproportionate reliance on the absence of objective medical evidence, leading to an improper evaluation of Kracker's pain complaints, and (2) that the Magistrate Judge erroneously confirmed the A.L.J.'s assessment of Kracker's Residual Functioning Capacity (RFC).  For the following reasons, Kracker's objections are overruled.

First, Kracker objects to the Magistrate Judge's finding that the A.L.J. properly evaluated Kracker's complaints of disabling pain.  Kracker contends that the A.L.J. disproportionately relied on a lack of objective medical evidence in denying her benefits. As the Magistrate Judge notes, the Sixth Circuit applies a two-prong test for evaluating a claimant's assertion of disabling pain.  Once objective medical evidence of a condition exists, the court must examine whether (1) objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.  Sullenger v. Comm'r of Soc. Sec., 255 Fed. Appx. 988, 995 (6th Cir. 2007) (citing Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986)).

In the absence of objective medical evidence, subjective complaints of pain or symptoms are not conclusive evidence of a disability.  Arnett v. Comm'r of Soc. Sec., 76 Fed. Appx. 713, 716 (6th Cir. 2003) (citing 42 U.S.C. § 423 (d)(5)(A)).  Accordingly, the A.L.J. must examine the claimant's credibility "based on a consideration of the entire case record."  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247 (6th Cir. 2007) (citing Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4) (1996)); see also Walters v. Commissioner

of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997) (Court is to give great weight and deference to the A.L.J.'s findings on credibility).

The Court finds that the Magistrate Judge's Report correctly decided that the A.L.J. properly evaluated Kracker's pain complaints.  As the Magistrate Judge emphasizes, the A.L.J. considered a "myriad of tests" and medical opinions before concluding that the objective evidence did not establish severe pain or disability.  (Dkt. # 14 at 17.)  The A.L.J. then properly examined the case record to establish whether Kracker's allegations were credible.  (Dkt. # 14 at 17.)

Kracker further contends that the A.L.J. relied on "erroneous" factors to assess her credibility.  In his Report, the Magistrate Judge lists several factors the A.L.J. considered, including inconsistent statements made in Kracker's disability application, Kracker's failure to take prescribed medications, and Kracker's daily activities.  (Dkt. # 14 at 17.)  Due to contradictions among the medical reports, Kracker's testimony, and other evidence, the A.L.J. rightly discounted Kracker's credibility.  See Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 392 (6th Cir. 2004) (quoting Walters, 127 F.3d 525, 531)).  Furthermore, as the Magistrate Judge concludes, utilizing such factors to assess credibility is not in conflict with Social Security Ruling 96-7p:

> [W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.
>
> This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any

3

> statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.  The Court has reviewed the Magistrate Judge's Report and finds that substantial evidence supports the affirmation of the A.L.J.'s decision.  Due to contradictions in the case record and a lack of objective medical evidence, Kracker's subjective allegations of disabling pain are insufficient to establish disability.

Kracker's reliance on Rogers v. Comm'r of Soc. Sec'y, 486 F.3d 234 (6th Cir. 2007), is misplaced as the case is inapposite.  In Rogers, the Sixth Circuit reversed the District Court and held that the A.L.J. disproportionately relied on the absence of objective medical evidence in denying an individual social security benefits. The individual in Rogers suffered from fibromyalgia, a disease which exhibits no objectively alarming signs.  Id. at 243;  see also Preston v. Sec'y of Health & Human Servs., 854 F.2d 815, 820 (6th Cir. 1988); Swain v. Comm'r of Soc. Sec., 297 F. Supp. 986, 990 (N.D. Ohio 2003).  Objective medical testing is inefficient in diagnosing fibromyalgia. Swain, 297 F. Supp. 986, 991.  Thus, the Rogers court concluded that medical opinions focused upon objective evidence are not "particularly relevant" when analyzing the effects of fibromyalgia.  Rogers, 486 F.3d 234, 245.

Contrary to Rogers, Kracker's claim for benefits is based on pain deriving from back injuries, not fibromyalgia.  Furthermore, unlike fibromyalgia, Kracker's pain allegations were able to be determined by objective medical testing.  As the Magistrate

Judge's Report indicates, Kracker's physicians investigated Kracker's allegations through medical tests such as an MRI (Dkt. # 14 at 3), EMG (Dkt. # 14 at 3), and a CT scan. (Dkt. # 14 at 4.)  The Magistrate Judge further notes that the A.L.J. assessed a high volume of medical opinions prior to determining that "medically determinable impairments could reasonably be expected to produce the alleged [Kracker's] symptoms." (Dkt. # 14 at 17.)  As shown, Rogers bears no influence on the Magistrate Judge's decision because Kracker's symptoms are able to be examined and diagnosed through objective medical testing. The Court, therefore, overrules Kracker's first objection.

Second, Kracker objects to the Magistrate Judge's finding that the A.L.J. accurately surveyed Kracker's RFC.  Kracker argues the Magistrate Judge improperly analyzed the A.L.J's findings because the A.L.J. failed to include limitations set forth by Dr. John S. Quinn, a state consultative psychologist who evaluated Kracker. (Dkt. # 14 at 8.)  Dr. Quinn reported that Kracker would be "moderately limited" in her ability to withstand daily work activity.  (Dkt. # 14 at 9.)

During the administrative hearing, Kracker's counsel expounded on Dr. Quinn's assessment when posing a hypothetical question to a vocational expert (VE) testifying on Kracker's work ability.  In addition to the several limitations already included in the hypothetical, Kracker's counsel asked the VE to consider if a hypothetical worker who missed work ten percent of the time or two days per month would be employable.  (Dkt. # 14 at 13.)  While the VE remarked that such a worker would be unemployable, the

Magistrate Judge found the A.L.J.'s decision that the counsel's limitation was "speculation" and not based on Dr. Quinn's opinion. (Dkt. # 14 at 18.)

The AL.J.'s findings must be supported by substantial evidence in the record. Cox v. Commissioner of Social Sec., 295 Fed. Appx. 27, 31 (6th Cir. 2008) (citing 42 U.S.C. § 405 (g)); Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).  A VE's testimony can produce substantial evidence in a response to a hypothetical question only if the question accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health & Human Services, 820 F.2d 777, 779 (6th Cir. 1987); see also Turvus v. Social Sec. Admin, 100 Fed. Appx. 630, 633 (6th Cir. 2004) (A.L.J. can rely on VE's testimony only if the hypothetical questions posed to the expert were based on objective medical evidence).  Hypothetical questions need only to incorporate those limitations which the A.L.J. has accepted as credible.  Infantado v. Astrue, 263 Fed. Appx. 469, 476-77 (6th Cir. 2008) (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993)); see also Conn. v. Sec'y of Health & Human Servs., 51 F.3d 607, 620 (6th Cir. 1995) (A.L.J. does not have to consider VE's answer to a hypothetical if the A.L.J. decides it is not supported by objective facts).

The Court finds the Magistrate Judge properly disregards the hypothetical limitation Kracker's counsel imposed in the VE's hypothetical question.  No objective evidence in the record demonstrates that Dr. Quinn opined as to Kracker's potential absenteeism.  Moreover, the hypothetical limitation cannot be deemed credible since it is neither based on objective medical evidence nor supported by any facts in the record. See Turvus, 110 Fed. Appx. 630, 633. Accordingly, the hypothetical posed by Kracker's

6

counsel failed to accurately portray Kracker's mental impairments.  See Varley, 820 F.2d 777, 779.  As the Magistrate Judge states, Kracker "cites no rule or regulation that suggests a limitation of this degree would result in such absenteeism."  (Dkt. # 14 at 18.) Accordingly, the Magistrate Judge finds no basis for the A.L.J. to include a limitation based on habitual absence when assessing Kracker's RFC.  The Court has reviewed the Magistrate Judge's analysis and concludes it is based on sound reasoning and substantial evidence.  Thus, Kracker's second objection is overruled.

The Court has reviewed the Magistrate Judge's Report and Recommendation and finds that it is well-supported.  Therefore, the Court hereby **ORDERS** that Magistrate Judge White's Report and Recommendation is **ADOPTED**.

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – June 29, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**
